COUNTY OF VILAS, Plaintiff-Respondent,

v.

Alexander W. DANBER,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 81–993. Filed March 2, 1982.*

(Also reported in 316 N.W.2d 346.)

PER CURIAM. Alexander W. Danber, defendant in the trial court and appellant in the court of appeals, petitions for review of a one-judge decision affirming a judgment imposing forfeitures for exceeding special weight limitations and registered weight limitations. In the course of affirming the judgment, the court of appeals held that the trial judge did not err in denying a request for substitution. The petition challenges this holding and the sufficiency of the evidence to support the judgment, but we will consider only the first ground.

The request for substitution filed on behalf of the defendant stated that it was made pursuant to sec. 971.20, Stats., which applies to substitution requests in criminal cases. Relying by analogy on sec. 971.30, which defines and states the required contents of motions in criminal cases, the court of appeals held that a request for substi-

tution must cite the correct statutory authority for substitution in terms of the subject matter of the case. Stating that sec. 345.315 rather than sec. 971.20 provided statutory authority for requests for substitution in traffic regulation cases, the court concluded that the request filed on behalf of the defendant was improper as to form.

Section 971.30(1), Stats., defines a motion as an application for an order. Section 971.30(2) provides that unless the court orders otherwise motions shall be in writing and shall state the grounds and the order or relief sought. A request for substitution of judge is not a motion because it is not an application for an order. If the trial judge had accepted the request for substitution filed on behalf of the defendant, no order would have been made. It is only because the request was denied that a written order was prepared and entered. This request cannot be viewed as an application for an order denying it.

In *State v. Holmes,* 106 Wis. 2d 31, 315 N.W.2d 703 (1982), this court considered requests for substitution under sec. 971.20, Stats. We stated:

The request for substitution need give no reason for the requested substitution and no grounds for substitution need be proved. 106 Wis. 2d at 34.

Our recent opinion controls this case. It compels the conclusion that sec. 971.30 applies neither to requests for substitution in criminal cases nor by analogy to requests for substitution in traffic cases. So concluding, we hold that the court of appeals erred in upholding the determination of the trial judge that the substitution request filed on behalf of the defendant was incorrect as to form.

The petition for review is granted. The decision of the court of appeals is reversed. The judgment is vacated, and the cause is remanded to the circuit court for Vilas county for a new trial before a new judge.